United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREL KRISTEN EVANS, Plaintiff, v. CLIFTON J. LURKIS, et al., Defendants. | Case No. 26-cv-04352-WHO **ORDER ON MOTION TO REMAND** Re: Dkt. Nos. 6, 16, 21 |

Plaintiff Laurel K. Evans ("Evans"), proceeding *pro se*, sued her former family-law counsel, Madigan & Lewis, LLP and Lurkis Joyce & Del Bove, LLP, as well as individual attorneys Erin J. McCormick, Kimberly A. Madigan, and Clifton J. Lurkis (collectively, "defendants") in San Mateo Superior Court. Defendants then removed this case to federal court on the basis of diversity jurisdiction prior to Evans serving process. Evans moves to remand this case back to state court. Because the initial removal complied with 28 U.S.C. §§ 1332 and 1441, and because the forum-defendant rule does not bar this case from being heard in federal court, Evans's motion to remand is DENIED.

**BACKGROUND**

Evans, a Georgia resident, originally filed this action in San Mateo Superior Court on March 10, 2026, alleging "two connected layers of attorney misconduct in a San Mateo County child-support/custody matter." *See* Notice of Removal [Dkt. No. 1] Ex. A (Complaint) ¶ 1. Evans brought the lawsuit against defendants, asserting state law claims for actual fraud, professional negligence / legal malpractice, and breach of fiduciary duty. *Id.* Each of the defendants are California residents. *Id.* ¶¶ 4–8; Motion to Remand ("Mot.") [Dkt. No. 6] at 2.

Evans alleges that Kristin C. Choi, counsel for defendants, contacted her on April 2, 2026,

"advising that service of the summons and Complaint had not been completed." Declaration of Laurel Evans in Support of Motion to Remand ("Laurel Decl.") [Dkt. No. 6-1] ¶ 4. Evans replied on April 4, 2026, asking whether service should be directed to her or to Madigan & Lewis. *Id.* Choi "direct[ed] service to Madigan & Lewis and preview[ed] a statute-of-limitations defense under California law." *Id.*; *see id.* Ex. 1 (email correspondence between Evans and Choi).

On May 7, 2026, Evans emailed Madigan & Lewis, "ask[ing] whether they would consent to electronic service under California Code of Civil Procedure section 1010.6 and California Rule of Court 2.251." Evans Decl. ¶ 5. Evans noted that "service had to be completed by Monday, May 11, 2026, and that if electronic service was not acceptable [she] would arrange personal service." *Id.* Kimberly Madigan responded on May 8, 2026, directing Evans to communicate through Ms. Choi. *Id.* ¶ 6. Evans emailed Choi again on May 8, 2026, asking whether defendants would accept service electronically or preferred a process server. *Id.* Ms. Choi requested that a process server complete service. *Id.*; *see id.* Ex. 2 (May 7–8 email correspondence between Choi and Evans).

On May 11, 2026, Evans learned that her earlier summons submission was rejected due to a "name mismatch." Laurel Decl. ¶ 7. That same day, Evans called and retained a process server. *Id.* ¶ 8; *see id.* Ex. 5 (May 11, 2026 call log between WeServeLaw and Evans at 10:20 a.m. PT). Evans then resubmitted her correct summons, which the San Mateo Superior Court accepted and stamped at 3:48 p.m. PT. *Id.* ¶ 9; *see id.* Ex. 3 (summons). Counsel for defendants then filed their Notice of Removal to the Northern District of California at 8:15 p.m. PT on May 11, 2026. *Id.* ¶ 10. Evans maintains that she arranged for process-server service for May 12, 2026, and that the May 11, 2026 removal "mooted that service attempt." *Id.* ¶ 11.

Evans then filed the present motion to remand on June 10, 2026. *See* Mot. Defendants filed their opposition on June 24, 2026. *See* Opposition to Motion to Remand ("Oppo.") [Dkt. No. 16]. Evans replied on July 1, 2026. *See* Reply to Motion to Remand ("Repl.") [Dkt. No. 21].

**LEGAL STANDARD**

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal

statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3 d 1241, 1244 (9th Cir. 2009). A suit may be removed from state court to federal court only if the federal court would have subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

**DISCUSSION**

## I. REMAND IS NOT PROPER

Evans describes the issue in her motion as being "narrow[]": whether "pre-service removal is improper where defense counsel first directs a pro se plaintiff to use process-server service, then removes during the short interval between summons issuance and the process server's scheduled service." Mot. at 5. Evans believes that defendants' conduct "turns section 1441(b)(2) into a trap for a pro se plaintiff who was attempting to complete service in the state forum on the method defense counsel demanded." *Id.* at 6. Moreover, Evans argues that diversity jurisdiction exists to protect out-of-state *defendants* from local prejudice; here, however, each defendant is a California resident, whereas Evans is an out-of-state plaintiff. Mot. at 6. Because, in her view, "removal . . . inverts the purpose of diversity removal and the forum-defendant rule," Evans concludes that remand is proper. *Id.*

I disagree because defendants have established that all the removal requirements under 28 U.S.C. §§ 1332 and 1441 were met. Evans is a Georgia resident, while the defendants are all California residents. *See* Compl. ¶¶ 3–8. The amount in controversy reasonably appears to exceed $75,000, considering the underlying child support dispute includes a claim by Evans that the state court failed to consider "~10M in undisclosed income associated with her former spouse's personal labor." *Id.* ¶ 26. And defendants removed this case from federal court within 30 days, thus complying with 28 U.S.C. § 1446. This establishes that removal on the grounds of diversity was warranted.

The forum-defendant rule does not compel the opposite conclusion. While the Ninth Circuit has not expressly decided the issue, it has recently recognized that it is "now common practice for in-forum defendants in potential diversity actions to race to file a notice of removal before being served with process and then claim shelter under the 'properly joined and served' language in § 1441(b)(2)." *Casola v. Dexcom, Inc.*, 98 F.4th 947, 964 n.17 (9th Cir. 2024). And at least three sister circuits have held that "§ 1441(b)(2), by its plain text, permits snap removals—notwithstanding counterarguments that the basic premise of diversity jurisdiction is to protect non-forum litigants from potential state court bias toward in-forum litigants." *Id.* (citing *Tex. Brine Co. v. Am. Arb. Ass'n*, 955 F.3d 482, 486–87 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705–07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152–54 (3d Cir. 2018). *But see, e.g.*, *U.S. Bank Nat'l Ass'n v. Fid. Nat'l Title Grp., Inc.*, 604 F. Supp. 3d 1052, 1058–59 (D. Nev. 2022)).

While Evans attempts to classify defendants' conduct as "strategic forum manipulation," correspondence between the parties shows that counsel for defendants informed Evans that proper service had not been completed, and that they would not file a responsive pleading "unless and until [Evans] properly served the necessary pleadings." Mot. at 6; Evans Decl. Ex. 1 at 1. This does not appear to be an attempt to mislead Evans. Instead, counsel for defendants notified Evans of her duty as a litigant to ensure that she complied with the California Rules of Court and Code of Civil Procedure. Because courts routinely allow in-state defendants to remove cases based on diversity jurisdiction into federal court, Evan's motion to remand is unpersuasive. Her motion is DENIED.

## II. A STAY IS NOT WARRANTED

Evans requests that I stay this case "pending the remand ruling," as "[r]equiring Rule 12, Rule 26, ADR, and case-management activity before the threshold forum issue is decided would impose avoidable burden and risk inconsistent or unnecessary proceedings." Mot. at 7–8. She also argues that because the "related San Mateo family/set-aside proceedings and anticipated writ proceedings bear directly on the damages model in this malpractice action," a stay is warranted in these proceedings pending resolution of the state court case. *Id.* at 8. Neither argument has merit.

United States District Court
Northern District of California

To be certain, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). But this is not an instance where a stay is warranted. Evan's motion to remand is denied, so there is no need to stay this case from proceeding in federal court. Nor does the state court matter warrant a stay in this case, as that action involves both different parties (Evans and her spouse, as compared to Evans and her former counsel in this case) and issues (child support versus fraud and legal malpractice). *Cf. Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (stays of concurrent state court proceedings are appropriate "where another suit is pending in a state court presenting the *same issues*, not governed by federal law, *between the same parties*") (emphasis added). Evan's request for a stay is DENIED.

**III. COSTS AND EXPENSES ARE NOT WARRANTED**

Evans finally requests "just costs and expenses" pursuant to 28 U.S.C. § 1447(c). Because I am not remanding this case, that request is DENIED.

**CONCLUSION**

For the reasons set forth above, Evans's request to remand this case to state court is DENIED.

**IT IS SO ORDERED.**

Dated: August 18, 2026



William H. Orrick
United States District Judge